## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

CHRISTOPHER EVERETT,
ADC #152664                                                                                    PLAINTIFF

v.                                    3:20CV00192-BSM-JTK

TERRIE BANISTER, et al.                                                                   DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any Documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Everett is state inmate confined at the North Central Unit of the Arkansas Division of Correction (ADC), who filed this pro se lawsuit pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's Motion to Proceed in forma pauperis on July 22, 2020, and directed him to submit an Amended Complaint. (Doc. No. 4).

Having reviewed Plaintiff's Amended Complaint (Doc. No. 8), the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).    An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

In his Original Complaint, Plaintiff complained about a disciplinary charge he received, but failed to include allegations against the Defendants sufficient to support a constitutional claim for relief. (Doc. No. 4, p. 3) He also did not include any facts concerning whether he was sentenced to punitive, or details about his conditions of confinement. (Id.) In the July 22, 2020 Order, the Court directed him to file a short Amended Complaint which "sets forth one claim" against the named Defendants involved. (Id.) In his Amended Complaint, Plaintiff complained that on February 3, 2020 and February 10, 2020, he was not asked if he wanted to attend disciplinary court or waive his right to attend, and that Defendant Cantrell forged his waiver without his consent. (Doc. No. 8, p. 5) He claimed Defendant Banister accepted the forged waiver and Defendants Peters, Faust, Haycox and Payne also denied his right to due process when they denied his appeal. (Id.) Plaintiff stated he lost 170 days good time, was sentenced to thirty days in

punitive, and lost class. He asked for damages, restoration of good time and class, and expungement of his record.

The Court finds that this case falls within the context of Edwards v. Balisok, 520 U.S. 641 (1997), and Heck v. Humphrey, 512 U.S. 477 (1994). In Balisok, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. Id., 520 U.S. at 645. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. In the earlier case of Heck v. Humphrey, supra, the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).

In this particular case, Plaintiff requested money damages, restoration of good time and class, and expungement of his disciplinary conviction. Based on this request, the Court construes this as a challenge to both the disciplinary procedure and the results. Plaintiff

5

specifically alleged that Defendants violated his due process rights when they failed to ask him about attending his hearing and then forged his signature on a waiver form. The Court finds this challenge to both the results and procedures used in the disciplinary hearing would necessarily imply the invalidity of the violation and resultant punishment. Therefore, the Court finds that Plaintiff's complaint should be dismissed pursuant to Heck, and Balisok, and that he may reassert his claim for damages in a subsequent § 1983 action if his disciplinary conviction is invalidated by a state tribunal or federal court.

The Court also notes that despite the instructions in the July 22, 2020 Order, Plaintiff did not include any allegations concerning his conditions of confinement, other than to state that he was sentenced to thirty days in punitive. To support a claim for relief based on his punishment, Plaintiff must allege and show that he was deprived of a protected liberty interest which resulted in "atypical or significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether an inmate possesses a protected liberty interest, the courts "compare the conditions to which the inmate was exposed in segregation with those he or she could expect to experience as an ordinary incident of prison life.... We do not consider the procedures used to confine the inmate in segregation." Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003). The courts have held that placement in administrative segregation, even without cause, is not an atypical and significant hardship. Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002).

In this case, Plaintiff alleged he was incarcerated in punitive for thirty days, but did not allege any specific facts about his segregation conditions that would support a finding of atypical or significant hardship. In Hemphill v. Delo, the court held that thirty days in disciplinary segregation and 290 days in administrative segregation was not atypical and significant. 124 F.3d 208, 1997 WL 581079 *2 (8th Cir. 1997) (unpublished) (per curiam). Therefore, the Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## IV.     Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Amended Complaint be DISMISSED without prejudice to his right to reassert his claim should his disciplinary be invalidated by a state tribunal or federal court

2.     Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). [1]

3.     The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. §

---

[1] The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).

7

1915(a)(3).

    IT IS SO ORDERED this 17th day of August, 2020.

                                                      _____
                                                    JEROME T. KEARNEY
                                                    UNITED STATES MAGISTRATE JUDGE